**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

BRANDON LEE STEVENS, #652517;                                    PLAINTIFFS
CHRISTOPHER WALRAVEN, #141110

v.                                        3:14CV00132-BSM-JJV

TOWNS; *et al.*                                                  DEFENDANTS

<u>ORDER</u>

## I.      BACKGROUND

Brandon Stevens and Christopher Walraven ("Plaintiffs") filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  Plaintiffs, however, have failed to state a claim on which relief may be granted against three defendants, and one of the Plaintiffs makes no claims at all.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its

1

conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. PLAINTIFF'S COMPLAINT

The Court begins by noting that Mr. Walraven, though listed as a plaintiff, is only mentioned in the Statement of Claim in a list of witnesses (Doc. No. 1 at 7). In the absence of specific allegations against named defendants, Mr. Walraven has failed to state a claim upon which relief can be granted.

The allegations against Defendant Beck fail to state a claim on which relief can be granted. Defendant Beck receives no specific mention in the Statement of Claim. Rather, he is implicated

only in an alleged meeting of "all the defendants" during which it was allegedly decided to reveal to other inmates Mr. Stevens's past history as an informant (Doc. 1 at 4).

While the Court construes *pro se* filings liberally, a complaint must amount to more than vague or conclusory allegations or unsupported generalizations. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). All complaints, including those filed *pro se*, must contain specific facts supporting their conclusions. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993).

Other than the alleged meeting of all defendants, Plaintiffs' sole allegation against Defendant Coleman is that he is engaged in sexual misconduct with Defendant Scales (Doc. No. 1 at 7). This allegation fails to state a cognizable claim pursuant to § 1983.

Finally, Plaintiffs allege that Defendant Towns dismissed Stevens from his maintenance job (*Id*. at 5-6), and that Towns asked Stevens how many times he had been sent to prison (*Id*. at 6). Mr. Stevens interpreted this question as a threatening suggestion to "just ignore all of this." (*Id*.) Neither of these allegations implicate constitutional misconduct. Prisoners have no constitutional right to a particular prison job. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). The question by Towns, on its own, does not violate Stevens's constitutional rights. Notably, Plaintiffs do not allege that any retaliatory conduct was actually taken against them for filing grievances or initiating this lawsuit.

Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief may be granted against three defendants. In addition, Plaintiff Walraven makes no claims against any of the defendants. Plaintiffs, if they choose, may submit to the Court, within twenty-one (21) days of the entry date of this Order, a superseding Amended Complaint which contains all of their claims against all defendants they are suing in a single document.

Plaintiffs are cautioned that an Amended Complaint renders their original Complaint without

legal effect.  Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiffs' Amended Complaint should 1) name all the parties they believe deprived them of their constitutional rights and whom they wish to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether they are suing each defendant in his/her individual or official capacity, or in both capacities; 4) how Plaintiffs were harmed; and 5) state whether they were incarcerated at the time as pretrial detainees.

## IV.     PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiffs are not trained in the law and will give deference to a *pro se* plaintiff where the law requires.  However, all parties, including *pro se* litigants, must comply with substantive and procedural law.  *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (citations omitted).  Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint.  Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

## V.     LOCAL RULE

Plaintiffs must also comply with the Local Rules of the Court.  Of particular note to *pro se* plaintiffs is Rule 5.5(C)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

## VI.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      The Clerk shall mail a 42 U.S.C. § 1983 complaint form to each Plaintiff with this Order.  If Plaintiffs wish to amend their Complaint, they may complete a new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file it within twenty-one (21) days of the date of this Order.

2.      Plaintiffs' Complaint, as it now stands, contains deficiencies which may result in the dismissal of some of their claims after twenty-one days of the date of this Order.

3.      Service is not appropriate at this time.

IT IS SO ORDERED this 27th day of May, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5